**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Larry Theis, et al., | No. CV-22-00791-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| American Family Mutual Insurance Company, et al., | |
| Defendants. | |

Pending before the Court is Larry and Solveig Theis' (collectively "Plaintiffs") Motion to Remand (Doc. 12.), and Motion to Strike (Doc. 14.), portions of Defendants' ("American Family's") Answer. Also before the Court is American Family's Motion to Transfer Venue to the District of Minnesota. (Doc. 20.) The Court has considered all three fully briefed motions and the relevant legal authority. For the following reasons, the Court will grant Plaintiffs' Motion to Remand. The Court will deny American Family's Motion to Transfer Venue and defer ruling on Plaintiffs' Motion to Strike to Arizona State Court.

**I.    BACKGROUND**

Plaintiffs are Minnesota residents that live in Arizona during winter. (Doc. 1-1 at 22 ¶ 25.) In March 2021, Larry was riding Solveig's 1996 Harley Davidson motorcycle ("Motorcycle") when he crashed into a stopped vehicle. (*Id.* at 14 ¶¶ 5–6.) The Motorcycle was insured by American Family under policy number 0608-8137-01-80-SCYC-MN ("Policy). (*Id.* at 15 ¶ 8.)

In March 2022, Plaintiffs requested declaratory relief in Arizona State Court,

seeking declarations that: (1) Arizona law applied to Plaintiffs' underinsured motorist ("UIM") coverage, and (2) Plaintiffs can stack UIM coverage "of all applicable insurance policies" issued by American Family. (*Id.* at 23–24.) American Family removed this lawsuit to this Court two months later. (*See* Doc. 1.)

## II.  DISCUSSION

In their Motion to Remand, Plaintiffs contend the factors from *Brillhart v. Excess Ins. Co. of Am.* warrant abstention. 316 U.S. 491 (1942). Federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given to them. *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Abstention is thus permissible only in limited circumstances. *United States v. Morros*, 268 F.3d 695, 703 (9th Cir. 2001).

In *Brillhart*, the Supreme Court held "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." 316 U.S. at 495. *Brillhart* set forth multiple factors to guide a district court's discretion in declaratory judgment cases. *See Gerdes v. GEICO Indem. Co.*, No. CV-10-2165-PHX-GMS, 2011 WL 649046, at *1 (D. Ariz. Feb. 11, 2011). Under those factors, a district court should: (1) "avoid needless determination of state law issues"; (2) "discourage litigants from filing declaratory actions as a means of forum shopping"; and (3) "avoid duplicative litigation." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (citing *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371–73 (9th Cir. 1991)) (overruled on other grounds by *Dizol*).

### 1.  Needless Determination of State Law Issues

Plaintiffs contend abstention is appropriate because this case involves a needless determination of state law issues, namely UIM coverage. A needless determination of state law "may involve an ongoing parallel state proceeding regarding the precise state law issue, an area of law Congress expressly reserved to the states, or a lawsuit with no compelling federal interest (e.g., a diversity action)." *757BD LLC v. Nat'l Union Fire Ins. Co. of*

*Pittsburgh, PA*, 330 F.Supp.3d 1153, 1162 (D. Ariz. 2016) (quoting *Burlington Ins. Co. v. Panacorp, Inc.*, 758 F.Supp.2d 1121, 1142 (D. Haw. 2010) (internal quotation marks omitted)). Insurance coverage is generally a state law issue that warrants a state court's adjudication. *See GEICO Gen. Ins. Co. v. Tucker*, No. CV-13-02072-PHX-GMS, 2014 WL 1713766, at *2 (D. Ariz. Apr. 30, 2014). "However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol*, 133 F.3d at 1225. Declaratory judgment actions based on insurance coverage therefore involve a district court's routine exercise of diversity jurisdiction. *Diamond State Ins. Co. v. Red's Blue Goose Saloon Inc.*, No. CV-11-145-BLG-RFC, 2012 WL 1898641, at *2 (D. Mont. May 23, 2012).

Plaintiffs argue this factor favors abstention because this case involves "important Arizona UIM insurance issues." (Doc. 12 at 4.) Plaintiffs further argue that the Court's retention of jurisdiction would deprive "Arizona state courts of the opportunity to continue to develop uniform UIM insurance coverage law and policy." (*Id.* at 5.) The Court is unpersuaded that retention would require *needless* determination of state law issues because UIM coverage cases are well developed in Arizona. *See, e.g.*, *Taylor v. Travelers Indem. Co. of Am.*, 9 P.3d 1049, 1059 (Ariz. 2000) (Arizona's statute "expressly allows the preclusion of stacking UIM coverages"). However, resolution of this action rests exclusively on state law so the Court finds this factor weighs in favor of abstention.

### 2. Forum Shopping

Plaintiffs contend American Family's removal of this case to federal court and subsequent Motion to Transfer to the District of Minnesota "appears to be blatant 'forum shopping.'" (Doc. 17 at 8.) The Court and relevant caselaw reject that contention. *See Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 804 (9th Cir. 2002) (forum shopping is not apparent simply because one party prefers state resolution and the other prefers federal resolution). The goal of this *Brillhart* factor is to prevent "reactive" litigation—such as an insurer filing a federal declaratory action "during the pendency of a non-removable state court action presenting the same issues of state law." *Devs. Sur. and*

1  *Indem. Co. v. Coyote Creek Constr. Inc.*, No. CV-20-00914-PHX-SRB, 2021 WL
2  1930270, at *6 (D. Ariz. Jan. 11, 2021) (quoting *R.R. St. & Co. Inc. v. Transp. Ins. Co.*,
3  656 F.3d 966, 976 (9th Cir. 2011)) (internal quotation marks omitted).

4  American Family's removal to federal court is a consequence of Plaintiffs' filing
5  suit in Arizona State Court.  But American Family's removal is not reactive "in the sense
6  that it is trying to obtain some sort of undue advantage."  *Id.* (citing *757BD LLC*, 330
7  F.Supp.3d at 1166).  There is no pending, non-removable state court action addressing
8  Plaintiffs' raised issues.  And whether transfer to the District of Minnesota is proper
9  involves a separate, independent inquiry that is irrelevant if the Court remands.  The Court
10 finds this factor favors retention.

### 3. Avoiding Duplicative Litigation

The Court finds this factor favors retention, or is at least neutral, because the parties agree this lawsuit is not duplicative of any state court action. (Doc. 12 at 3–4; Doc. 15 at 5–6.)

### 4. Other Factors

American Family also argue the considerations of comity and judicial economy favor retention. (Doc. 15 at 9.) *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("[T]he normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."). American Family argues that the case will be needlessly delayed by requiring the state court to become familiar with factual and legal issues that this Court is already familiar with.  However, this case is in its early stages, and neither the Court nor the parties have devoted much time or expense litigating this case.  The Court's decision on Plaintiffs' Motion to Remand did not involve in depth factual findings.

The Court concludes that the *Brillhart* factors cumulatively favor abstention of jurisdiction.  Thus, the Court will grant Plaintiffs' Motion to Remand and deny American Family's Motion to Transfer as moot.  The Court will also defer ruling on Plaintiffs' Motion to Strike to Arizona State Court, pursuant to this order of remand.

III.     **CONCLUSION**

Accordingly,

**IT IS ORDERED** granting Plaintiffs' Motion to Remand. (Doc. 12.)

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this case to the Maricopa County Superior Court.

**IT IS FURTHER ORDERED** denying American Family's Motion to Transfer Venue to the District of Minnesota (Doc. 20.), and deferring decision on Plaintiffs' Motion to Strike (Doc. 14.) to Maricopa County Superior Court.

Dated this 20th day of September, 2022.

Honorable Susan M. Brnovich
United States District Judge